IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Dione O'Marrow Parker,  )
    Petitioner,  )
  )
v.  )   1:09cv1320 (LO/JFA)
  )
Gene Johnson,  )
    Respondent.  )

FILED DEC 3 0 2010 CLERK, U.S. D... ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Dione O'Marrow Parker, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of possession with intent to distribute cocaine and obstruction in the Circuit Court for the County of Accomack, Virginia. The petition was timely filed on November 19, 2009. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Parker was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on August 10, 2010. For the reasons that follow, Parker's claims must be dismissed.

### I. Background

On November 17, 2005, Parker was at the home of his friend, Sandra Westley. See Cir. Ct. Tr., Nov. 30, 2006, at 35. An argument ensued, after which Parker went into the bedroom. See id. at 36. Someone called the police, and Officer Chlebowski arrived at the house to find Westley outside. See id. at 10. Upon entering the house, Chlebowski observed Parker in a bedroom, watching television while lying on a bed. Id. at 11. On the bed next to Parker were three clear bags

containing crack cocaine, a cell phone, and cash. Id. Chlebowki told Parker to stand up, put his hands behind his back, and move toward Chlebowski. Id. Parker stood up and moved toward Chlebowski, but when Chlebowski took out his handcuffs, Parker pulled his hands away and ran through the door, pushing Chlebowski aside in the process. Id. Parker ran out the front door and escaped into a wooded area surrounding the house. Id. at 13.

On November 30, 2006, Parker was found guilty of possession with intent to distribute cocaine and felony obstruction in a bench trial in the Circuit Court for Accomack County, Virginia. Commonwealth v. Parker, Case No.CR06000131-02, CR06000131-01. The court sentenced him to twenty years for the charge of possession with intent to distribute cocaine, with ten years suspended, and twelve months for felony obstruction, with six months suspended. The sentences were to run consecutively. Parker pursued a direct appeal to the Court of Appeals of Virginia, arguing that the evidence was insufficient to prove that he was guilty of either possession with intent to distribute or obstruction of justice. See Pet. for Appeal 5, ECF 12-2. The Court of Appeals denied the petition for appeal on October 18, 2007. Parker v. Commonwealth, R. No. 0968-07-1. Parker did not pursue a direct appeal in the Supreme Court of Virginia.

On April 9, 2008, Parker filed a petition for writ of a habeas corpus in the Circuit Court for Accomack County, Virginia, claiming that (1) the evidence was insufficient to convict petitioner of possession of narcotics with intent to distribute, (2) the evidence was insufficient to convict petitioner of obstruction of justice, and (3) counsel was ineffective for (a) failing to object to hearsay testimony of Deputy Chlebowsky, (b) failing to ask Ms. Westley why she wanted to leave her home in the middle of the night with her children instead of asking petitioner to leave, (c) failing to ask Deputy Chlebowsky if Ms. Westley was in the house when he entered the bedroom, (d) failing to

have Ms. Westley testify that the bedroom was set up in a different way than described by Deputy Chlebowsky, (e) failing to call any witnesses on behalf of petitioner or do any investigation before trial, (f) failing to interview Ms. Westley, (g) failing to highlight inconsistencies in Deputy Chleblowsky's testimony, (h) failing to have Deputy King testify, (i) failing to call Ms. Westley to testify, (j) failing to ask Deputy Chlebowsly if Ms. Westley was inside the house at the time when petitioner ran, (k) failing to ask Deputy Chlebowsky why no criminal investigation was done relating to the missing money and ransacked bedroom, (l) failing to ask Ms. Westley about details concerning her fight with petitioner and who called the police, (m) failing to finish a statement and referencing a "locked door," and (n) failing to "run" the cell phone. See Circuit Ct. Final Order, ECF No. 12-3. The court dismissed the petition on July 17, 2008. Parker v.Commonwealth of Virginia, et al., Case No. CL08000156-00. Parker appealed to the Supreme Court of Virginia, which refused the appeal on June 11, 2009. Parker v.Commonwealth of Virginia, et al., R. No. 082001. On November 19, 2009, Parker filed the instant federal habeas petition, raising four claims: (1) ineffective assistance of counsel for failing to renew an objection to hearsay testimony offered by a witness of the Commonwealth, (2) ineffective assistance of counsel for failing to filing a motion to suppress evidence from a warrantless search, (3) ineffective assistance of counsel for failing to try to suppress evidence that failed to prove that contraband belonged to petitioner, and (4) wrongful reliance on facts relating to child support for sentencing.

## II. Exhaustion

By Order dated March 31, 2010, the Court noted that it appeared that Parker had not pursued claims (2), (3), or (4) in the state court proceedings as required and recognized that petitioner would

3

now be precluded from bringing these claims in state court because they would be procedurally defaulted as time-barred under Virginia Code § 8.01-654(A)(2). Because claims (2), (3), and (4) would therefore be simultaneously exhausted and defaulted for the purposes of federal habeas review, see Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), a federal court would not be permitted to review these claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. See Harris v. Reed, 489 U.S. 255, 260 (1989). In the March 31 Order, Parker was thus given an opportunity to show cause why these claims should not be dismissed.

In his response to the March 31 Order, Parker asserted that he had in fact raised claims (2), (3), and (4) in his state petition for writ of habeas corpus that he filed in the circuit court. See Resp. 1, ECF No. 8. After careful review of the state court records in this case, it is unclear whether Parker raised claim (2) in his petition in circuit court, but it is clear that he did raise it in his response to the Commonwealth's motion to dismiss the petition and that he pursued this claim on appeal. See Pet'r's Resp. to Mot. To Dismiss in Circuit Ct. 63-64; Pet. For Appeal in Supreme Ct. of Va. 6, ECF No. 12-4. Resolution of whether the claim was properly exhausted under these circumstances is unnecessary because under 28 U.S.C. § 2254(b)(2), a federal court may, in its discretion, deny a habeas corpus claim on the merits even if the petitioner failed to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir. 2003), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Because claim (2) is clearly

without merit, the Court will exercise that discretion here.[1]

However, the state court records clearly show that Parker failed to raise claims (3) and (4) in the state habeas proceedings, and he has not offered any explanation for these failures. The existence of cause ordinarily turns upon a showing of (1) denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Notably, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Here, Parker has not made any such arguments to explain his failure to raise these claims in the state habeas proceedings, so he has not made any arguments to support a finding of cause for his procedural default. As Parker has therefore failed to exhaust these claims and has not demonstrated cause and prejudice or a fundamental miscarriage of justice, claims (3) and (4) must be dismissed. Accordingly, only claims (1) and (2) will be reviewed on the merits.

### III. Claim (1)

A. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are

---

[1] Because it is unclear whether the Virginia courts considered claim (2) when evaluating petitioner's claims of ineffective assistance of counsel, this claim will be reviewed de novo. See Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999) ("When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits...our review of questions of law and mixed questions of law and fact is de novo.").

contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

B. Analysis

Parker argues counsel provided ineffective assistance of counsel by failing to renew an objection to testimony containing hearsay. The circuit court rejected this claim on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Specifically, the circuit

6

court dismissed the claim as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). Parker v. Commonwealth, Case No. CL08000156-00. In reviewing the state court's decision as to this claim, Parker fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the

possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Parker contends that his lawyer provided ineffective assistance by failing to renew an objection to testimony containing hearsay. When Parker made the same argument in his state application for habeas corpus relief, the circuit court first discussed the requirements of Strickland, and then found the claim to be without merit because Parker could not demonstrate prejudice. Specifically, the court explained:

> Even if counsel had successfully objected to the "hearsay" statements of Officer Chlebowski, this would have only prevented Chlebowski from repeating why Ms. Westley wanted him to enter her house. It would not have prevented Chlebowski from further testifying - as he did - about the criminal activity he discovered once he was inside. This, even a successful objection by counsel would not have changed the outcome of petitioner's trial.

See Circuit Ct. Final Order 7, ECF No. 12-3. The circuit court correctly identified and used the standard for ineffective assistance of counsel from Strickland, see id. at 4-5, so Parker has failed to show that its decision was contrary to clearly established federal law. See Williams, 529 U.S. at 413. Furthermore, the circuit court reasonably applied the Strickland standard to the facts of Parker's case in finding that he could not demonstrate that the outcome would have been different if his attorney had objected to the "hearsay" statements. Strickland, 466 U.S. at 695 (noting that an attorney's

8

errors at trial may have had no effect on some factual findings). Therefore, Parker also failed to demonstrate that the circuit court's decision was an unreasonable application of clearly established federal law. See Williams, 529 U.S. at 413.

Finally, Parker has not provided clear and convincing evidence to rebut the presumption that the circuit court's factual findings were sound. In particular, Parker has not made any arguments that show that a successful objection to the "hearsay" testimony would have prevented Officer Chlebowski from testifying about what he found inside the house. Therefore, he has also failed to demonstrate that the circuit court's decision was based on an unreasonable determination of the facts, see Miller-El, 545 U.S. at 240, and this claim will be dismissed.

### IV. Claim (2)

A. Standard of Review

Parker also argues counsel provided ineffective assistance of counsel by failing to object to an allegedly warrantless search. As discussed above, the Court will exercise its discretion to deny this claim on the merits even though it is unclear whether it was properly exhausted before the state courts. See 28 U.S.C. § 2254(b)(2); see also Swisher, 325 F.3d at 232-33. It is not clear whether the state courts considered these specific factual allegations when deciding Parker's claims of ineffective assistance of counsel, so this claim will be reviewed under the de novo standard. See Weeks, 176 F.3d at 258.

B. Analysis

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. Notably, "there is no reason for a court deciding an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Parker argues that counsel's performance was deficient because he failed to object to an allegedly warrantless search, and the prejudice that Parker supposedly suffered was the admission of evidence obtained during that search. Parker appears to argue that the search violated the Fourth Amendment because Office Chlebowski did not have a warrant. However, a search pursuant to valid consent by a habitant of the premises is a well-recognized exception to the Fourth Amendment's warrant requirement. See, e.g., United States v. Hylton, 349 F.3d 781, 785 (4th Cir. 2003) ("The Fourth Amendment protects "the people" against "unreasonable searches and seizures," and even though reasonableness generally requires that searches or seizures be conducted pursuant to a warrant, a warrantless search may be reasonable if it falls within one of the narrow and well-delineated exceptions to the warrant requirement.") (citations omitted).

The trial transcript shows that petitioner's friend Westley consented to the search of her apartment. Specifically, when the prosecutor asked Officer Chlebowski if he was asked to enter Westley's house, he responded: "Yes. [Westley] wanted the keys to her vehicle which her boyfriend had. She asked me to go inside and get them so she could leave her residence. She said Dionne [Parker] was in the bedroom in the back of the house.". See Cir. Ct. Tr., Nov. 30, 2006, at 10-11. Parker has offered no evidence to refute the validity of this consent. Therefore, even if counsel had

10

tried to suppress the evidence from the search on the ground that there was no warrant, the evidence nevertheless would have been admitted because Westley had consented to the search. Accordingly, Parker has failed to demonstrate prejudice from counsel's failure to try to suppress evidence from the search based on the fact that there was no warrant, and this claim will be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 30th day of March 2010.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge